

**First Judicial District Court - Boundary County**

ROA Report

Case: CV-2007-0000075  Current Judge: Steve Verby

James Fritzsche, etal.  vs. Metropolitan Life Insurance Company, etal.

| Date | Code | User | | Judge |
|------|------|------|---|-------|
| 2/26/2007 | NCOC | DARMSTRONG | Complaint For Damages And Request For Jury Trial | Steve Verby |
| | | DARMSTRONG | Filing: A1 - Civil Complaint, More Than $1000 No Prior Appearance   Paid by: Featherston Law Firm  Receipt number: 0000666  Dated: 2/26/2007  Amount: $88.00 (Check) | Steve Verby |
| | APER | TACIE | Plaintiff: Fritzsche, Don L. Appearance Daniel P. Featherston | Steve Verby |
| | SMIS | TACIE | Summons Issued | Steve Verby |
| 4/5/2007 | NSRV | VAL | Notice Of Service | Steve Verby |

**EXHIBIT**

tabbies®

**A**

Metropolitan Life Insurance Company
One MetLife Plaza
27-01 Queens Plaza North
Long Island City, NY 11101

**MetLife®**

Tel 212 587-5595   Fax 212 251-1636

April 20, 2007

By Federal Express

Jack Englert, Esq.
Holland & Hart LLP
8390 East Crescent Parkway, Suite 400
Greenwood Village, Colorado 80111

RECEIVED

APR 2 3 2007

HOLLAND & HART
John A. Ramsey

       Re: <u>James Fritzsch, et al. v. MetLife, et al.</u>
           District Court / Idaho / County of Boundary
           Case No. CV 07-75

Dear Jack:

Enclosed under this cover is a Summons and Complaint and related documents in the referenced matter. We would like your firm to represent MetLife's interests in this matter.

**This matter must be removed to federal court based on diversity jurisdiction as the amount in controversy exceeds $75,000. MetLife was served on April 10, 2007. Please be sure to protect MetLife from default concerning the state court answer date.**

## LAW

One means of settling a personal injury claim is an agreement by the injured party to accept periodic payments in the form of a "structured settlement." Sections 104(a)(2) and 130(c) of the Internal Revenue Code govern structured settlements. The purpose of a structured settlement, in part, is to allow the periodic payments to be excludable from the gross income of the recipient. These sections of the Internal Revenue Code require that there is a complete separation of ownership of the settlement funds from the personal injury claimant.

Section 130 structured settlements are accomplished by the assignment of the personal injury carrier's obligations under a settlement agreement to a third party. Typically, the third-party assignee arranges for payment to the personal injury claimant through purchase from an annuity issuer of a "qualified funding asset" in the form of an annuity contract.

The rights of a personal injury claimant who agrees to receive periodic payments under Section 130 are governed by the terms of the settlement agreement pursuant to which his personal injury claim has been resolved. The personal injury claimant is not a party either

to the assignment or to the "qualified funding asset" although the provisions of those documents reflect the terms of the settlement agreement.

Receipt of the Section 130 tax advantages is conditioned upon the complete separation of ownership of the funds provided for payment of the settlement proceeds and the claimant himself. This is accomplished by the assignment of the obligation to make payments and a deposit of funds for that purpose with the assignee. A fundamental requirement evidencing such an arrangement is that the payee or annuitant - in this instance, Blair or his beneficiary - does not have "actual or constructive receipt" of the structured settlement proceeds. To accomplish this, the payee must not have control over the annuity contract into which the funds for the settlement are deposited. Liberty Life Ass. Co. of Boston et al. v. Stone Street Capital, Inc. and James J. White, 93 F. Supp. 2d 630 (D. Md. 2000).

The First Department addressed the rights of payees under structured settlements in C.U. Annuity Serv. Corp. v. Young, 722 N.Y.S.2d 236 (1st Dept. 2001). In Young, the injured party entered into a settlement agreement that stated that he had "no power" to assign periodic payments that would become due and payable to him under the terms of a structured settlement. The payee then entered into a transaction with a company engaged in accepting "assignments" of the right to receive the periodic payments. Id. The First Department held that the assignment was invalid because that the rights of a payee under a structured settlement "must begin with the express language of his agreement." Accordingly, the payee could not purport to assign the periodic payments because "certain legal abilities" the transaction required had been "surrendered" during the negotiation of his settlement agreement. Id. at 237.

## FACTS

Briefly, the Fritzsche defendants are payees under a MetLife Certificate No. 24869 in 1985 issued to fund periodic payments to Carol Cox Fritzsche under a structured settlement. Carol. Fritzsche is deceased. The defendants are respectively, the surviving spouse and sons of Carol, who are named beneficiaries of the guaranteed payments under the Certificate.

The Certificate originally provided for guaranteed monthly payments up to and including the last monthly payment due on May 1, 2025. Effective June 1, 2005, each monthly payment, until May 1, 2010, was payable in the amount of $5,500. From June 1, 2010 until May 1, 2025, each monthly payment was to be paid in the amount of $6000. The amount of monthly payments from June 1, 2005 until May 1, 2025 total $1,080,000.

MetLife does not dispute that the $400,000 payment under the Certificate due on May 1, 2010 is payable.

The monthly payments referenced above are in issue as MetLife believes that they were paid out in a lump sum at some time in the past. The claims area bases this belief on an "income verification letter" prepared by a former MetLife employee, Foldine Farrell,

that omitted reference to any payment past May 1, 2005. Apparently, this letter was prepared by Foldine Farrell when Don Fritzsche entered into a transaction with J.G. Wentworth, a company that purchases the right to receive payments under structured settlement. Note that J. G. Wentworth has a judgment against Don Fritzsche and has issued a Writ of Execution against MetLife in the Court of Common in Philadelphia. J.G. Wentworth should be joined as a party to this action after it is removed to federal court.

After review of the file, we can determine strategy and discuss a litigation budget for the matter.

Please acknowledge receipt of the Complaint in writing.

Thank you for your assistance.

Very truly yours,

Ruth Susnick

Enc.

FEATHERSTON LAW FIRM, CHTD.
DANIEL P. FEATHERSTON – ISB#1324
Attorneys at Law
113 South Second Avenue
Sandpoint, ID 83864
Phone: (208) 263-6866
Fax: (208) 263-0400

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BOUNDARY

| | | |
|---|---|---|
| JAMES FRITZSCHE, DAVID ERICK-SON, DON FRITZSCHE, fka DON COX, | ) ) ) | Case No.: CV 07- 75 |
| | ) | **SUMMONS** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| METROPOLITAN LIFE INSURANCE, COMPANY, a corporation doing business in Idaho, METROPOLITAN REINSURANCE COMPANY, a corporation doing business in Idaho METROPOLITAN INSURANCE COMPANIES, a corporation doing business in Idaho, METLIFE GROUP, INC., a New York corporation doing business in Idaho, and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

TO:  METROPOLITAN LIFE INSURANCE COMPANY, a corporation doing
business in Idaho, METROPOLITAN REINSURANCE COMPANY, a
corporation doing business in Idaho, METROPOLITAN INSURANCE
COMPANIES, a corporation doing business in Idaho, METLIFE GROUP, INC., a
New York corporation doing business in Idaho, and JOHN DOES 1-10

NOTICE:  YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF. THE
COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER
NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE
INFORMATION BELOW:

YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate written
response must be filed with the above-designated court within 20 days after service of this
Summons on you.  If you fail to so respond, the court may enter judgment against you as

*Featherston Law Firm ctd.*
*Daniel P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

demanded by the Plaintiff in the Complaint.

A copy of the Complaint is served with the Summons. If you wish to seek the advice or representation of an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1. The title and number of this case.

2. If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3. Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4. Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 26th day of February, 2007.

GLENDA POSTON
Clerk of the District Court

By: _____
Deputy

*Featherston Law Firm chtd.*
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

SUMMONS

DANIEL P. FEATHERSTON, ISB No. 1324
FEATHERSTON LAW FIRM, CHTD.
113 South Second Avenue
Sandpoint, Idaho 83864
(208) 263-6866
(208) 263-0400 (Fax)

FILED

2007 FEB 26  PM 4: 58

STATE OF IDAHO
COUNTY OF BOUNDARY
GLENDA POSTON, CLERK

BY_____
      DEPUTY CLERK

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BOUNDARY

JAMES FRITZSCHE, DAVID ERICK-.
SON, DON FRITZSCHE, fka DON COX,

                    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE,
COMPANY, a corporation doing business
in Idaho, METROPOLITAN
REINSURANCE COMPANY, a
corporation doing business in Idaho
METROPOLITAN INSURANCE
COMPANIES, a corporation doing.
business in Idaho, METLIFE GROUP,
INC., a New York corporation doing
business in Idaho, and JOHN DOES 1-10,

                    Defendants.

Case No.: CV 07- 75

COMPLAINT FOR DAMAGES AND
REQUEST FOR JURY TRIAL

Fee Category: _A· I._
Fee: $_88.00_

COMES NOW the undersigned Plaintiffs AND FOR CAUSE OF ACTION

AGAINST Defendants inform the Court and pray judgment as follows:

I.

JURISDICTION

Featherston Law Firm etd.
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

ASSIGNED TO
JUDGE Vuby

1

This Court has jurisdiction and venue is proper as this is an action to enforce a contract or contracts entered into between one or more of the Defendants for the benefit of the Plaintiffs to settle a lawsuit filed and prosecuted before this court as Boundary County District Court, Case Nos. 7307 and 7308.

## II.

## PARTIES

A.  James Fritzsche, David Erickson, and Don Fritzsche, herein are the husband and two (2) sons of Carol Cox Fritzsche (Carol), who were by reason of such relationship damaged by the injuries to Carol herein described.

B.  Metropolitan Life Insurance Company is a corporation doing business in Idaho, Metropolitan Reinsurance Company is a corporation doing business in Idaho, Metropolitan Life Insurance Companies is a corporation doing business in Idaho, Metlife Group, Inc., a New York corporation doing business in Idaho, and John Does 1 – 10, defendants are other person or corporations with the named Defendant who are responsible to Plaintiffs and their identity is presently not known.

C.  Defendants are a company or group of interconnected companies who engage in the business of selling insurance against risk of loss.  One of the Defendants insurance products is annuities to provide a continuous guaranteed flow of income to a beneficiary or beneficiaries.  One or more of the Defendants entered into the contract for the benefit of the Plaintiff's which, is the subject of this complaint.  John Does 1 – 10 are companies or successor companies engaged with or on behalf of the herein named companies.

## III.

## GENERAL STATEMENT OF FACTS

*Featherston Law Firm chd.*
*Daniel P. Featherston*
*Brent C. Featherston**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

A.  On January 26, 1982 Carol Cox Fritzsche (Carol) was involved in a tragic auto -- truck accident on U.S. Highway 95 in Boundary County, Idaho.  The automobile Carol was driving was struck from behind by a truck pulling two (2) trailers loaded with freight.  The truck struck Carol's and other vehicles with such force that it pushed the vehicles across a bridge over the Kootenai River and into a building killing three (3) people, Kerri Wilkerson, Courtney Rose Hale and Tami Hale and seriously injuring Susan Wilkerson and Carol who was rendered a parapalegic.  As a result of these events lawsuits were filed in this Court as designated in paragraph I.

B.  Carol's lawsuit arising out of these events was settled in 1985.  In part Carol her husband and sons losses were settled by the tortfeasor agreeing to provide a continuing stream of cash payments to Carol and upon her death to the Plaintiffs herein thereby compensating them for their losses by reason of the terrible injuries Carol suffered.  These payments were to be paid in monthly installments and at five (5) year intervals lump sums were to be paid in addition to the monthly payments.  The amounts and dates of these agreed payments are more particularly set forth on page three (3) of Exhibit A attached hereto.  This agreement provides that said payments were to continue so long as Carol should live, but in no event would they terminate earlier than June 1, 2025 even if Carol should die before that date.  The agreement stating the payment schedule (more particularly described in Exhibit A) provided that should Carol die before 2025 the payments would from the date of her death until June 1, 2025 be divided and paid 1/3 to each of the herein named Plaintiffs.  The parties agreed that the tortfeasor would be fully, finally and forever released from further liability to the injured parties upon the purchase of an annuity from a reputable and reliable company in the business of providing such a product that would pay to the injured party and Plaintiffs the agreed

*Featherston Law Firm chd.*
*Daniel P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*123 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL                                             3

payments. The Defendants represented to the public in general and to the tortfeasor and their insurer, Carol, and Plaintiffs in particular that they were a reliable and honest group of companies that could and would provide such a product.

C. In reliance upon the Defendants' representations the tortfeasor and/or their insurers paid the Defendants a substantial sum of cash consideration of approximately one (1) million dollars for Defendants to pay Carol and Plaintiffs the agreed sums in accordance with the payment schedule as stated in Exhibit A. In reliance upon Defendant's representation and agreement to pay the agreed sums Carol did fully, finally and forever release the tortfeasor from further liability and duties called for in their settlement agreement accepting Defendant's agreement and promises to pay the compensation as agreed to in the settlement agreement.. The Defendants herein agreed to pay the amounts as outlined in abbreviated form in Exhibit A attached hereto thereby incorporated herein.

D. As agreed the Defendant commenced payments to Carol on August 1, 1985 and continued after her death on January 1, 1995 paying to Plaintiffs the agreed payments as stated on page 3 of Exhibit A.

E. May 1, 2005 Defendant paid the agreed lump sum payment of $250,000.00 and monthly payment of $5,000.00. Commencing June 1, 2005 and thereafter Defendant ceased paying the agreed payments to the Plaintiffs. Plaintiff's initially contacted Defendant direct and received no response. Defendant refused to respond to Plaintiff in any manner or provide Plaintiff any information as to why payments were terminated.

F. Thereafter Plaintiff retained counsel who contacted Defendant by both phone and letter, sending letters requesting and ultimately demanding Defendant either honor their obligation to pay Plaintiffs or show legal cause as to why they were by law or contract not

Featherston Law Firm chd
Daniel B. Featherston
Brent C. Featherston*
Jeremy B. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
fax (208) 263-0400

* Licensed in
Idaho & Washington

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL                    4

obligated to Plaintiff. Plaintiff's counsel sent letters making such demands in July 2005, December 2005, January 2006, June 13th and 22nd, 2006 receiving no response. These letters constitute notice and demands for payment pursuant to Idaho Code 12-120, Idaho Code 12-121 and Idaho Code 41-1839.

      G. The Defendant's failure and refusal to pay Plaintiffs the agreed payments is and continues to be willful, intentional and constitutes a bad faith breach of their duty to the Plaintiffs.

III.

CIRCUMSTANCES AS TO PLAINTIFF JAMES FRITZSCHE

      The Plaintiff, James Fritzsche (hereinafter referred to as James) has reached the age where the income Defendants are obligated to pay combined with retirement benefits earned through his employment were sufficient to permit him to take an early retirement and engage in new activities while his health would permit such. Plaintiff James had in fact prior to May 2005 retired and commenced the hoped for new lifestyle. The Defendant's failure and intentional refusal to honor their promise, obligation, and duty to pay has made it necessary for him to return to his former employment and to forego his early retirement plans.

IV.

CIRCUMSTANCES AS TO PLAINTIFF DAVID ERICKSON

      The Plaintiff David Erickson (hereinafter referred to as David), is disabled and as a result of his disability did prior to his mother's death qualify for Social Security disability income to in part replace lost earning capacity due to his disability and Medicaid, which provided medical treatment for his disabling condition and other health requirements. Upon his mother's death the income from the annuity disqualified him for Social Security Disability

*Featherston Law Firm chd*
Daniel P. Featherston
Brett C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

Income and Medicaid. David, of necessity relied upon the income from the annuity which replaced in part this loss of benefits. The bad faith termination of payments by Defendant has left David Erickson without funds to provide necessary support and health care needs and the Defendant's arbitrary, unreasonable, and bad faith refusal to respond to David's requests for either the agreed payments or confirmation that they have no duty under contract or law to pay such has resulted in his continued disqualification by denying him the ability to establish to the satisfaction of the appropriate public agencies that he is no longer entitled to receive said funds.. The Defendant's arbitrary willful and unreasonable response or lack of response to David's requests has deprived him of necessary support and medical care.

## V.

### CIRRCUMSTANCES AS TO PLAINTIFF DONALD FRITZSCHE

The Plaintiff Donald Fritzsche (hereinafter referred to as Don) in reliance upon the Plaintiff's contractual duty to pay him as shown in Exhibit A entered into certain business commitments in reliance thereon. Defendant's bad faith default upon their duty to pay as agreed in accordance with the schedule on Exhibit A has caused Don to default on his business commitments and as a result Don has been sued by the party to whom the commitments were made.

## VI.

### PLAINTIFFS' FIRST CAUSE OF ACTION:

### BREACH OF CONTRACT

The Plaintiffs reallege and herein incorporate each and every allegation stated above.

## VII.

Featherston Law Firm chd
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Defendant contracted to provide payments to the Plaintiffs. These payments were of an amount and time that was established by contract as set forth in Exhibit A.

VIII.

Under the terms of the contract, the Defendant's duty to pay Plaintiffs, both as to times and authority are clear and unambiguous and are to continue until the year 2025. Commencing June 2005 Defendant has refused to provide any payments. This is a bad faith material breach of the Defendants' clear unambiguous duty and obligation under the contract.

IX.

As a result of the Defendants' breach, Plaintiffs have been forced to initiate this litigation seeking recovery of the monies owed to them under the contract. Furthermore, the Defendants' non-payment has placed Plaintiff Don Fritzsche in breach of a contract with a third party.  Damages from the Defendant's conduct are in an amount to be determined and proven at trial but which exceed $10,000.00.

X.

Said damages were foreseeable at the time of contracting.

XI.

PLAINTIFFS' SECOND CAUSE OF ACTION:

TORTIOUS INTERFERENCE WITH CONTRACT

The Plaintiffs reallege and herein incorporate each and every allegation stated above.

XII.

On or about May 8th, 1996, December 23rd, 1997, and October 22nd, 1998, Plaintiff Don Frietzsche executed Purchase Agreements between himself and the company, J.G. Wentworth. Under the terms of the contracts, Don Fritzsche sold his interest in future

Featherston Law Firm chd
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

7

payments received as a beneficiary of the Settlement Agreement with Carol Cox Fritzsche to receive sufficient cash to engage in another business transaction which in fact he did.

XIII.

Defendant was informed of the Contract between Plaintiff Don Fritzsche and J.G. Wentworth as Mr. Don Fritzsche assigned his interests in a portion of his share of future payments from the Defendant to J.G. Wentworth. Plaintiff Don Fritzsche notified the Defendants of the assignment of his interest and of his obligation to J.G. Wentworth.

XIV.

MetRe has refused to make payment of the monies owed to the Plaintiffs and J.G. Wentworth. Multiple notices have been sent regarding MetRe's conduct and its ramifications on the Plaintiff Don Fritzsche. Despite this information, MetRe has continued in its illicit bad faith course of action. This intentional interference with Mr. Don Fritzsche's obligations has caused Mr. Don Fritzsche to be in breach of his contract with J.G. Wentworth.

XV.

As a result of MetRe's refusal to pay the Plaintiffs, Mr. Don Fritzsche is the defendant in litigation initiated by J.G. Wentworth. Said action alleges unjust enrichment and breach of contract. J.G. Wentworth is seeking damages from Mr. Don Fitzsche in the amount of $160,431.97.

XVI.

PLANTIFFS' THIRD CAUSE OF ACTION:

NEGLIGENCE

XVII

The Plaintiffs reallege and herein incorporate each and every allegation stated above.

Featherston Law Firm chd.
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

XVIII.

Defendant has a duty of good faith and fair dealing in the performance of its contract. This duty arises independently from the contractual duties assumed by the Defendants.

XIX.

By refusing to address, resolve, or even correspond with the Plaintiffs regarding Defendant's discontinuance of payments, Defendant violated its duty of good faith and fair dealing in the performance of its contract duties to Plaintiff.

XX.

Said breach has proximately caused damage to the Plaintiffs.

XXI.

Damages have occurred in an amount to be determined at trial but which exceed ten thousand dollars ($10,000.00).

XXII.

PLAINTIFFS' FOURTH CAUSE OF ACTION:

INSURER'S BAD FAITH

XXIII.

The Plaintiffs reallege and herein incorporate each and every allegation stated above.

XXIV.

Defendant's payment of the benefits provided to the Plaintiffs are payment of the settlement agreement between Carol Cox and the Defendant insurance providers. Payments rendered under the settlement agreement by the Defendant insurance providers are contractual, ascertainable, and based upon determinable risk contingencies within the determination of *I.C. § 41-102.*

*Featherston Law Firm chd.*
*Daniel P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Whuck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

9

## XXV.

The insurers have intentionally, unreasonably, and deliberately and in bad faith denied payment to the Plaintiffs.

## XXVI.

The Plaintiffs' claim is not fairly debatable. Under the terms of the contract, Defendants are clearly and unambiguously obligated until 2025 to pay the installments to Plaintiffs as defined on Exhibit A. The payment amounts and dates are plain, unambiguous, and predetermined.

## XXVII.

The Defendants' failure to pay on the claim was not the result of a good faith mistake. Defendants' have continued to act in bad faith as they have refused to make all payments subsequent to the last payment made in 2005 despite Plaintiff's repeated requests that they do so. Further support of the Defendants' bad faith is evidence by Defendant's refusal to answer repeated inquiries and requests for payments and/or information.

## XXVIII.

The resulting harm is not fully compensable by contract damages. Plaintiff Don Fritzsche has been sued for breach of contract by J.G. Wentworth for the Defendant's refusal to pay the amounts owed. Plaintiff James Fritzsche had to forego early retirement and Plaintiff David Erickson has been denied necessary support and medical care. Said damages are in an amount to be determined at trial but which exceeds ten thousand dollars ($10,000.00).

## XXIX.

## PLAINTIFFS' FIFTH CAUSE OF ACTION:

*Featherston Law Firm chd.*
*David P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

10

## RECOVERY OF ATTORNEY'S FEES

### XXX.

The Plaintiffs reallege and herein incorporate each and every allegation stated above.

### XXXI.

The Plaintiffs have complied with all provisions of law and terms of the contract. The Defendants have failed and/or refused to comply with Idaho law and/or the provisions of their contract. By statutory and contract provision, the Plaintiffs are entitled to and shall be provided recovery of her attorneys' fees and costs incurred specifically as provided by *Idaho Code § 41-1329, 12-120, 12-121* and other related provisions. The Plaintiffs are entitled to judgment as plead and attorneys' fees and costs. In the event judgment be entered upon the default of the Defendants, such amount should be $10,000.00 or if contested such greater amounts as the Court deems just and equitable.

WHEREFORE the Plaintiffs pray for judgment as follows:

1. Judgment for all amounts Defendant has been obligated to pay Plaintiffs commencing June 2005 and each and every payment thereafter as stated in Exhibit A attached, until paid together with pre-judgment interest at the rate of twelve percent (12%) as provided by    Idaho Code 28-22-104.

2. Judgment in favor of the Plaintiff for damages, special and general, in an amount to be proven at trial but which exceed $10,000.00.

3. An order directing Defendant to continue payments of amounts called for in Exhibit A from entry of Judgment until June 1, 2025.

4. Judgment for attorney's fees in the amount of $10,000.00 if judgment be entered upon Default or such greater amount as the Court deems just and equitable if contested.

*Featherston Law Firm chd.*
*Daniel P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL                                    11

5.  Such other and further relief as the Court deems appropriate.

6.  Judgment to bear interest as provided by law.

7.  Judgment finding the Defendants to be jointly and severally liable for the Plaintiff's damages.

8.  For such other and further relief as this Court deems just and equitable.

WHEREAS the Plaintiffs have alleged causes of action for which they are entitled to relief, the Plaintiffs pray for judgment as follows:

RESPECTFULLY SUBMITTED this __13__ day of __Feb__, 2007.

FEATHERSTON LAW FIRM, CHTD.


By _____
DANIEL P. FEATHERSTON
Attorney for Plaintiff

STATE OF IDAHO      )
                    ) ss.
County of Bonner    )

JAMES FRITZSCHE, being first duly sworn on oath, deposes and says that he is the Plaintiff in the foregoing action; that he has read the Complaint herein contained, knows the contents thereof, and believes the facts therein stated to be true.

_____
JAMES FRITZSCHE, Plaintiff

Subscribed and sworn to before me this __15__ day of __Feb.__, 2007.

_____
NOTARY PUBLIC - State of Idaho
Residing at _____
Commission expires: _12/27/07_

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

12

County of Bonner       )

DAVID ERICKSON, being first duly sworn on oath, deposes and says that he is the

Plaintiff in the foregoing action; that he has read the Complaint herein contained, knows the

contents thereof, and believes the facts therein stated to be true.

_David L Erickson_
DAVID ERICKSON, Plaintiff

Subscribed and sworn to before me this __13__ day of __02__ ,

2007.

_Daniel Featherst__
NOTARY PUBLIC - State of Idaho
Residing at _Sandpoint_
Commission expires: _12/27/07_

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

13

STATE OF IDAHO    )
                  ) ss.
County of Bonner  )

     DON FRITZSCHE, being first duly sworn on oath, deposes and says that. *He* is the

Plaintiff in the foregoing action; that *He* has read the Complaint herein contained, knows the

contents thereof, and believes the facts therein stated to be true.

                                           DON FRITZSCHE, Plaintiff

     Subscribed and sworn to before me this 20 day of February

2007.

```
┌─────────────────────────────┐
│ MARGARET LOUISE PETERSEN     │
│     NOTARY PUBLIC            │
│     STATE OF IDAHO           │
└─────────────────────────────┘
```

NOTARY PUBLIC - State of Idaho
Commission expires: 11-4-2008

Exhibit "A"



# Metropolitan Life Insurance Company

A Mutual Company Incorporated in New York State

Metropolitan Life Insurance Company (herein called Metropolitan) certifies that it will make the payments described in this certificate.

| | |
|---|---|
| Group Annuity Contract No. | 8298 |
| Certificate No. | 24869 |
| Measuring Life | Carol Cox Fritzsche |
| Date of Birth of Measuring Life | January 25, 1951 |
| Owner: | Metropolitan Reinsurance Company |
| Annuity Commencement Date | August 1, 1985 |
| Beneficiary (if any) | 1/3 to James Fritzsche, 1/3 to David Erickson, and while a minor, to David Erickson in Trust with James Fritzsche, Trustee and 1/3 to Don Cox, and while a minor, to Don Cox in Trust with James Fritzsche, Trustee |



### 10 DAY RIGHT TO EXAMINE CERTIFICATE

If the Owner returns this certificate to Metropolitan within 10 days after its receipt and requests in writing that Metropolitan cancel the certificate, Metropolitan will do so, and refund the amount received to purchase the annuity.

Form G.4324

**Rights of Owner:** The Owner owns the annuity described in this certificate. The Owner will have the right at any time to designate the payee, including the Beneficiary, to whom benefits are payable under the annuity. However, unless the Owner otherwise directs, Metropolitan will make all payments under the annuity to the person(s) named in the certificate.

In addition, at any time after the death of the Measuring Life, the Owner may direct Metropolitan to pay, in lieu of any term certain annuity payments described in this certificate, the commuted value of all remaining term certain annuity payments in a single sum to a payee named by the Owner. The commuted value of such annuity payments will be calculated using the same interest rate(s) as that used in determining the purchase price of the annuity.

No such change in payee or terms of payment will be effective until written notice of the change is received by Metropolitan. However, any change in a Beneficiary designation will take effect as of the date the request was signed but without prejudice to Metropolitan on account of any payment made by it before receipt of the request. When contacting Metropolitan the Owner should mention the Contract number and the name and certificate number of the Measuring Life.

**Proof of Living:** Metropolitan may require proof that the Measuring Life, the Beneficiary or other payee, as the case may be, is living on the date on which any annuity payment is to be made. If proof is requested, no payment will be made until the proof has been received by Metropolitan.

**Beneficiary:** If two or more Beneficiaries are designated and their respective interests are not specified, their interests will be several and equal.

**Change or Waiver:** No sales representative or other person, except an authorized officer of Metropolitan, may make or change any certificate or make any binding promises about any certificate on behalf of Metropolitan. Any amendment, modification or waiver of any provision of this certificate will be in writing and may be made effective on behalf of Metropolitan only by an authorized officer of Metropolitan.

**Misstatements:** If the age or sex of the Measuring Life or any other relevant fact has been misstated, Metropolitan will not pay a greater amount of annuity than that provided by the actual amount received to purchase the annuity and the correct information. Any overpayment of annuity will, together with interest, be deducted from future annuity payments. Any underpayment of an annuity will, together with interest, be paid immediately upon receipt of the corrected information. The interest rate(s) will be that used in determining the purchase price of the annuity.

**Nonassignability; Claims of Creditors:** This certificate and the payments provided under it are nonassignable and will be exempt from the claims of creditors to the maximum extent permitted by law.

**Payment of Annuity:** Metropolitan will make payments under this certificate, as follows:

On and after the Annuity Commencement Date and while the Measuring Life is living, but in any case up to and including May 1, 2025, Metropolitan will pay monthly annuity payments to the payee named by the Owner. If the Measuring Life dies before May 1, 2025, and unless the Owner directs otherwise, Metropolitan will pay to the Beneficiary, up to and including May 1, 2025, the monthly annuity payments that are payable after the death of the Measuring Life. The rate of the monthly annuity payments is shown in item (1) below.

(1) Monthly Rate of Annuity:

| Period | Amount |
|--------|--------|
| August 1, 1985 through May 1, 1990 | $2,500.00 |
| June 1, 1990 through May 1, 1995 | $2,800.00 |
| June 1, 1995 through May 1, 1999 | $3,300.00 |
| June 1, 1999 through May 1, 2000 | $4,500.00 |
| June 1, 2000 through May 1, 2005 | $5,000.00 |
| June 1, 2005 through May 1, 2010 | $5,500.00 |
| June 1, 2010 through May 1, 2025 | $6,000.00 |
| On and after June 1, 2025 for Life | $6,000.00 |

Metropolitan will also make the payments shown in item (2) below to the payee named by the Owner. However, if the Measuring Life is not living on the date any such payment is payable, and unless the Owner directs otherwise, Metropolitan will pay such payment to the Beneficiary.

(2) Date of Payment

| Date of Payment | Amount of Payment |
|-----------------|-------------------|
| May 1, 1990 | $ 40,000.00 |
| May 1, 1995 | $ 54,600.00 |
| May 1, 2000 | $150,000.00 |
| May 1, 2005 | $250,000.00 |
| May 1, 2010 | $400,000.00 |

Form G.4324

3

FEATHERSTON LAW FIRM, CHTD.
DANIEL P. FEATHERSTON, ISB NO. 1324
Attorneys at Law
113 South Second Avenue
Sandpoint, Idaho 83864
(208) 263-6866
(208) 263-0400 (Fax)



### IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE
### STATE OF IDAHO, IN AND FOR THE COUNTY OF BOUNDARY

| | |
|---|---|
| JAMES FRITZSCHE, DAVID ERICK-<br>SON, DON FRITZSCHE, fka DON COX, )<br><br>Plaintiff, )<br><br>vs. )<br><br>METROPOLITAN LIFE INSURANCE, )<br>COMPANY, a corporation doing business )<br>in Idaho, METROPOLITAN )<br>REINSURANCE COMPANY, a )<br>corporation doing business in Idaho )<br>METROPOLITAN INSURANCE )<br>COMPANIES, a corporation doing )<br>business in Idaho, METLIFE GROUP, )<br>INC., a New York corporation doing )<br>business in Idaho, and JOHN DOES 1-10, )<br><br>Defendants. )<br>_____ ) | Case No.: CV 07-75<br><br>**NOTICE OF SERVICE**<br><br><br><br><br><br>**RECEIVED**<br><br>APR 1 1 2007<br><br>Law Department |

COME NOW the Plaintiffs, JAMES FRITZSCHE, DAVID ERICKSON and DON FRITZSCHE, fka DON COX, by and through their attorney of record undersigned, and notify the Court that on the 29 day of March, 2007, they served the following document(s) upon the Defendants by sending such along with the Complaint on file herein and a Summons to a process server for service upon the Defendants:

    Plaintiffs' First Request for Interrogatories, Requests for Examination of Documents and Requests for Admissions

    That said documents were mailed, postage prepaid, along with a copy of this Notice of

*Featherston Law Firm chd.*
*Daniel P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

NOTICE OF SERVICE - 1

Service, to:   Attorneys Messenger Service
1407 Vista Avenue
Boise, Idaho 83705

DATED this 29 day of March, 2007.

FEATHERSTON LAW FIRM

By: _____
DANIEL P. FEATHERSTON
Attorney for Plaintiffs

*Featherston Law Firm chd.*
*Daniel P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in*
*Idaho & Washington*

**NOTICE OF SERVICE - 2**



FEATHERSTON LAW FIRM, CHTD.
DANIEL P. FEATHERSTON
Attorney at Law
113 South Second Avenue
Sandpoint, ID 83864
(208) 263-6866
(208) 263-0400 (Fax)

### IN THE DISTRICT·COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BOUNDARY

JAMES FRITZSCHE, DAVID ERICK-
SON, DON FRITZSCHE, fka DON COX,

                Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE,
COMPANY, a corporation doing business
in Idaho, METROPOLITAN
REINSURANCE COMPANY, a
corporation doing business in Idaho
METROPOLITAN INSURANCE
COMPANIES, a corporation doing
business in Idaho, METLIFE GROUP, ·
INC., a New York corporation doing
business in Idaho, and JOHN DOES 1-10,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CV 07-

**PLAINTIFF'S FIRST REQUEST
FOR INTERROGATORIES,
REQUEST FOR EXAMINATION
OF DOCUMENTS AND REQUEST·
FOR ADMISSIONS**

**TO:**    **The above named Plaintiff(s) and your/their attorney(s)**

    You are hereby directed to: (1) answer under oath the following Interrogatories within

thirty (30) days, separately and completely, pursuant to I.R.C.P. 33(a);   (2) to produce legible

copies of the documents and things particularized, causing the delivery or service of the same

*Featherston Law Firm chd.*
*Daniel P. Featherston*
*Brent C. Featherston\**
*Jeremy P. Featherston*
*Sandra J. Whick*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*\* Licensed in
Idaho & Washington*

REQUEST FOR INTERROGATORIES, REQUEST FOR EXAMINATION OF DOCUMENTS AND
REQUEST FOR ADMISSIONS - 1

to be made upon the law office of FEATHERSTON LAW FIRM, 113 S. Second Avenue, Sandpoint, Idaho, 83864, within thirty (30) days of receipt of Service pursuant to I.R.C.P. 34(a); and (3) to admit or deny the following Requests within thirty (30) days, pursuant to I.R.C.P. 36(a).

As to Plaintiff's Request for Admissions, pursuant to I.R.C.P. 36(a) the following requests for admissions are to be answered pursuant to said rule, within fifteen (15) days of the date of service of the same upon you. Upon your failure to answer the same, the Requests shall be deemed admitted.

As used herein, the term "you" is intended to include, in addition to the named party, counsel for said party, and all agents, servants, employees, representatives, private investigators, and others who are in possession of or who have obtained information for or on behalf of the named party(ies).

Each document or thing produced should be segregated by reference to the number of the specific request. Although a photocopy of any written material is acceptable in lieu of the original, the undersigned reserves the right to examine and, in the event of any discrepancies noted, arrange the reproduction of such original on demand.

In Answering these Requests, the following definitions and instructions apply:

1.      The term "document" as used herein means all records, reports, papers, documents, books, letters, notes, memoranda and other correspondence, whether in your possession or under your control or not, and to include, without limitation, tape recordings and/or transcripts thereof, photostating, photographing, and every other means of preserving verbatim or summary record of any form of communication or representation, including letters, words, pictures, sounds, symbols, or any combination thereof.

*Featherston Law Firm* chtd.
*Daniel P. Featherston*
*Brent C. Featherston**
*Jeremy P. Featherston*
*Sandra J. Wruck*
*Attorneys at Law*

*113 S. Second Ave.*
*Sandpoint, Idaho 83864*
*(208) 263-6866*
*Fax (208) 263-0400*

*• Licensed in*
*Idaho & Washington*

REQUEST FOR INTERROGATORIES, REQUEST FOR EXAMINATION OF DOCUMENTS AND REQUEST FOR ADMISSIONS - 2

2.    A document "relating or referring to" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, is incident to, deals with, comments on, responds to, describes, involves, concerns, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation or other documents.

3.    The term "affiliates" means any person or organization controlling, controlled by or relating to the party referred to.

4.    Attached hereto and made a part hereof are Exhibits A through E as referenced in these Interrogatories, Requests for Production of Documents, and Requests for Admissions, as follows:

| | | |
|---|---|---|
| Exhibit A | - | Certificate of Annuity |
| Exhibit B | - | December 13, 2005 Letter |
| Exhibit C | - | June 29, 2005 Letter |
| Exhibit D | - | June 13, 2006 Letter |
| Exhibit E | - | June 22, 2006 Letter |

These Interrogatories, Requests for Admissions and Requests for Production of Documents are continuing in nature and the undersigned counsel hereby demands that any information coming into the possession of you or your counsel which would change the answers in any way be promptly furnished to the undersigned counsel no later than thirty (30) days after receipt of such information, or immediately upon receipt of the same if there be less than thirty (30) days remaining before trial.

## INTERROGATORIES

Featherston Law Firm chtd.
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

REQUEST FOR INTERROGATORIES, REQUEST FOR EXAMINATION OF DOCUMENTS AND
REQUEST FOR ADMISSIONS - 3

INTERROGATORY NO. 1: State the name and position with or relation to the Defendants herein of each and every person participating in the response to the herein requested interrogatories, requests for production and requests for admission. Your response should include all persons who are the sources for your responses.

ANSWER:

INTERROGATORY NO. 2: The caption on Exhibit A attached states "Metropolitan Life and Affiliated Companies", list the "affiliated companies" and as to each "affiliate company" state their relationship if any to the transaction described in Exhibit A. Your response should include the name, address, nature of entity, jurisdiction, under whose authority it is formed and the jurisdictions it is authorized to conduct business in.

ANSWER:

INTERROGATORY NO. 3: State the Defendants' relationship and involvement in the transaction described in Exhibit A and what records the Defendants hold concerning said transaction their present location and custodian.

ANSWER:

INTERROGATORY NO. 4: State the date and amount of consideration the Defendants were paid or received to enter into the transaction described in Exhibit A.

ANSWER:

INTERROGATORY NO. 5: State what payments the Defendants have made to Plaintiffs under the contract described in Exhibit A. You may respond by providing a ledger or computer print out of your records of payments made.

Featherston Law Firm chtd.
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

REQUEST FOR INTERROGATORIES, REQUEST FOR EXAMINATION OF DOCUMENTS AND
REQUEST FOR ADMISSIONS - 4

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:  Please produce the original documentation of agreement and approval by the Defendants concerning the Agreement or Contract described Exhibit A attached.

ANSWER:

REQUEST FOR PRODUCTION NO. 2:  Please produce the Defendants' record of consideration received by reason of the transaction described in Exhibit A.

ANSWER:

REQUEST FOR PRODUCTION NO. 3:  Please provide the Defendants' records of payments paid pursuant to the transaction described in Exhibit A.

REQUEST FOR PRODUCTION NO. 4:  Please provide the correspondence or your copy thereof by Defendants to Plaintiff or Plaintiffs' attorney and correspondence received by Defendants from Plaintiffs and Plaintiffs' attorney.

ANSWER:

## REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:  The Defendants received, within ten (10) days of the date on each letter, the four (4) letters attached hereto marked as Exhibits B, C, D and E.

ANSWER:

REQUEST FOR ADMISSION NO. 2:  Defendants have a duty to pay Plaintiffs in accordance with the schedule of payments on page 3 of Exhibit A.

ANSWER:

REQUEST FOR ADMISSION NO. 3:  Subsequent to May of 2005 the Defendants

Featherston Law Firm chd.
Daniel P. Featherston
Brent C. Featherston*
Jeremy P. Featherston
Sandra J. Wruck
Attorneys at Law

113 S. Second Ave.
Sandpoint, Idaho 83864
(208) 263-6866
Fax (208) 263-0400

* Licensed in
Idaho & Washington

REQUEST FOR INTERROGATORIES, REQUEST FOR EXAMINATION OF DOCUMENTS AND
REQUEST FOR ADMISSIONS - 5